IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE     )
)
)
       v.            )     I.D.   1102019121
)
)
SEAN K. SWEENEY,     )
)
     Defendant.     )

## **ORDER**

1.   Defendant robbed a TD Bank.  He was arrested and charged with Robbery in the first degree.  On August 27, 2012, he entered a plea of guilty to a single count of the lesser included offense of Robbery in the second degree.  On the same day, the court imposed the sentence recommended in the Plea Agreement of 5 years at Level 5, suspended after 18 months, followed by 18 months at Level 3.

2.   Defendant's discontent arises out of a period of incarceration he is currently serving in New Jersey.  At the time he entered his plea and was sentenced in this court, Defendant was in the midst of a five-year sentence for a crime he committed in the Garden State.  Not surprisingly after Defendant was sentenced in this court, the State of Delaware lodged a detainer with New Jersey officials so that Defendant would be returned here after completing his New Jersey sentence.  Defendant complains

that, because of the detainer lodged against him in New Jersey, prison officials will not transfer him to a prison farm to serve the remainder of his New Jersey sentence.

3. Defendant filed a *pro se* Rule 61 motion in which he sought to withdraw the guilty plea he entered in this court. The gist of his motion is that it was his understanding at the time he entered his plea that, upon completion of his New Jersey incarceration, he would be returned to Delaware to serve his Level 5 period of incarceration. Upon completion of Defendant's Level 5 sentence in Delaware, Defendant was to be returned to New Jersey where he would serve both his New Jersey and Delaware probations concurrently.

4. Another judge of this court granted Defendant's motion for appointment of counsel, and Theopalis Gregory, Esq. was appointed to represent him in connection with his Rule 61 motion. Later, Thomas Donovan, Esq. was appointed to replace Mr. Gregory as Defendant's counsel. Mr. Donovan has now moved to withdraw because he can find no meritorious issue to pursue on Defendant's behalf.

5. Criminal Rule 32(d) of this court permits the court to allow withdrawal of a guilty plea prior to the imposition of sentence "upon a showing by the defendant of any fair and just reason." Once a sentence is imposed, however, "[a] judge should permit withdrawal of a plea only if the judge determines that the plea was not voluntarily entered or was

entered because of misapprehension or mistake of defendant as to his legal rights."[1]

6. Defendant contends that he should be permitted to withdraw his plea because it was his understanding at the time he entered his plea that "I would be transported back to Delaware to commence my level 5 incarceration once I became eligible for minimum custody (farm) status in New Jersey." The basis for Defendant's understanding is not entirely clear. During the plea colloquy Defendant acknowledged that the Plea Agreement contained the entire agreement between him and the State. That agreement contains no mention of returning Defendant to Delaware to serve his Level 5 status once he achieved minimum custody status during his New Jersey incarceration. Defendant expressly acknowledged that he had no side deals with the State which were not written down in the Plea Agreement, and that no one had made any promises to him prior to the entry of his guilty plea.

7. Defendant was made aware that he would not be returned to Delaware until 2016, when he completed the incarceration portion of his New Jersey sentence. During the plea hearing the prosecutor recited:

> The State and the defendant are requesting immediate sentencing and the State and the defendant agree to recommend 5 years at Level V, suspended after 18 months for 18 months at Level III. This is an IAD case so he is not

---

[1] *Collins v. State*, 2012 WL 3984545, at *2 (Del. Sept. 11, 2012).

3

entitled to his credit to the Delaware sentence as he is currently serving a sentence out of New Jersey.

Later, after the entry of the plea, but before imposition of the sentence, Defendant expressed some confusion about when his Delaware incarceration would begin. The prosecutor then reiterated that Defendant would be required to complete his New Jersey incarceration before returning to Delaware to serve his Level 5 time:

[L]ike I said, his max—his early release date, I guess, is March 25, 2016 then he'll come back here, serve his 18 months

The following exchange took place shortly after the prosecutor's statement:

THE DEFENDANT: Are you saying after I'm done in New Jersey, I come back?

THE COURT: You come back.

The Court told Defendant at the hearing that it would allow him to withdraw his guilty plea in light of his previous confusion. The Court also told Defendant that, if he wished to withdraw his plea and discuss it further with his attorney, it would be willing to place Defendant's matter on an afternoon calendar that same day should he decide to re-enter his guilty plea. Defendant decided not to withdraw his plea and asked to proceed with sentencing. As mentioned earlier, the Court then imposed the sentence specified in the Plea Agreement.

4

8. Defendant alleges that a note in his sentencing order supports his contention that he would be returned to Delaware once he was classified to minimum custody in New Jersey. That note says nothing about minimum custody status in New Jersey. Rather, it recites only that "[a]fter defendant's level-5 time in New Jersey, defendant is to be brought back to Delaware to do his level-5 time, before starting his probationary period in New Jersey."

9. Finally, and perhaps most importantly, during the plea colloquy Defendant acknowledged that he was aware that the Court could sentence him for up to five years in prison. He also acknowledged that no one had promised him what sentence the Court would impose. In short, he acknowledged that he had no expectation about the sentence the court would impose beyond the expectation that it would not exceed the statutory limit of five years.

10. The Court therefore concludes that Defendant's plea was knowing, intelligent and voluntary and that Defendant was under no misapprehension or mistake about his legal rights when he entered his plea.

Wherefore, it is **ORDERED** that Defendant's counsel's motion to withdraw is **GRANTED** and Defendant's motion pursuant to Rule 61 is **DENIED.**

Date: October 29, 2014

John A. Parkins, Jr.
Superior Court Judge

oc: Prothonotary

cc: Sean K. Sweeney, SBI 00717966, Bayside State Prison, Leesburg New Jersey
James K. McCloskey, Esquire, Department of Justice, Wilmington, Wilmington, Delaware
Thomas D. Donovan, Esquire, Thomas D. Donovan, P.A., Dover, Delaware